Sullivan Phlegm v. The State.

No. 8075.   Decided February 20, 1924.

1.—Murder—Sufficiency of the Evidence.

Where, upon trial of murder, the evidence sustains the conviction, there is no reversible error.

2.—Same—Special Venire—Practice in Trial Court.

Where nothing appeared from the bill of exceptions to negative the inference that a satisfactory jury was obtained from the special veniremen who appeared, there was no error in overruling a motion to quash the venire.

3.—Same—Bills of Exception—Practice on Appeal.

Where some of the bills of exception consisted solely of questions and answers, and were otherwise improper, and other bills gave no information upon which to determine the relation of the evidence in question to the issue on trial, or were otherwise too meager under the rules of practice, they cannot be considered on appeal.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of murder; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

MORROW, Presiding Judge.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of twelve years.

The slaying of the deceased by the appellant is conceded. By his testimony, he was justified on the ground that he acted in self-defense. The testimony of the State is sufficient to support the verdict of murder.

The first bill of exceptions reflects the action of the court in refusing to quash the "indictment" upon the ground that a special venire of ninety persons was ordered but that only forty-five were summoned and only thirty-three responded. These facts seem more pertinent to the motion to quash the venire, and it is possible that the use of the word "indictment" in the record is a clerical error. The mere fact that but forty-five of the veniremen were summoned would not require the quashing of the venire. It may have been that the return of the sheriff showed good reason for the failure to sumon more. Taylor v. State, 14 Texas. Crim. Rep., 340; Jones v. State, 85 Texas Crim. Rep., 543. Nothing in the bill negatives the inference that a satisfactory jury was obtained from those who appeared. Therefore no injury appears. Charles v. State, 13 Texas Crim. App. 664; Parker v. State, 33 Texas Crim. Rep., 111. No error is revealed by the bill.

Bill No. 2 consists wholly of questions and answers. No reason is given or appears for this procedure; nor is the bill otherwise sufficient to inform this court of any improper ruling.

In Bill No. 3. it is shown that the defendant's witness Ivy was asked:

Q. Who came there (to defendant's house) next after you did?

A. Frank Fulton and Jack Perkins.

Q. What did they want?

A. They wanted to see about the knife, I suppose.

This is the entire substance of the bill and furnishes this court with no information upon which to determine the relation of the evidence in question to the issue on trial. Eldridge v. State, 12 Texas Crim. App., 208; Conger v. State, 63 Texas Crim. Rep., 327; Branch's Ann. Tex. P. C., Sec. 207, and cases collated.

Bill No. 4 complains that the State's witness Taylor was asked this question: "Was there anything said there by anybody about giving

96 T. C.—35

that knife away—giving that knife to each other?" Witness replied: "He told him—Frank Fulton told him to give it to him." Nothing further appears except that this was admitted over the appellant's objection. The bill is too meagre to comply with the rules of practice and inform this court of the nature of the complaint.

In Bill No. 5 it is stated that the State was permitted to impeach the witness, George Taylor, by reading from a purported statement signed by him some time prior to the trial of this cause, which testimony was in contravention to that given by him upon the day of the trial and was material in convicting the appellant. To this an exception was reserved. Whether the rules of evidence are transgressed the bill fails to disclose. Even if the State improperly impeached its own witness, this court being without information as to what transpired, is in no position to appraise the merits of the complaint.

There being no error discerned in the record, the judgment is affirmed.

*Affirmed.*